# EXHIBIT A



**null / PRODLIAB**
**Transmittal Number: 19205021**
**Date Processed: 01/11/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Sandra Rodriguez<br>Terex Corporation<br>200 Nyala Farm Road<br>Westport, CT 06880 |
| **Electronic copy provided to:** | Dave Wingo<br>Marcy Demby<br>Jim Celentano |

| | |
|---|---|
| **Entity:** | Terex USA, LLC<br>Entity ID Number  2667912 |
| **Entity Served:** | Terex USA |
| **Title of Action:** | David Pelchat vs. Terex USA, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Suffolk County Superior Court, MA |
| **Case/Reference No:** | 1884CV03638 |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 01/10/2019 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Patrick J. Loftus, III<br>215-283-1177 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1884CV03038

David Deichat , PLAINTIFF(S),

v.

Terex, USA , DEFENDANT(S)
et al.

## SUMMONS

THIS SUMMONS IS DIRECTED TO Terex, USA (Defendant's name)
Reg. Agent: Corp. Service Company, 84 State St
BOSTON MA

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the SUFFOLK SUPERIOR Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1.   **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect
to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an
extension of time in writing from the Court.**

2.   **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a
copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a.   Filing your signed original response with the Clerk's Office for Civil Business, SUFFOLK SUP Court,
      6416 E. Broadway (address), by mail or in person, **AND**          3 Pemberton SQ.
      So. Boston MA 02127                                                    Boston
   b.   Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following
      address:  6416 EAST BROADWAY SO. BOSTON MA 02127

3.   **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer
must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are
based on the same facts or transaction described in the Complaint, then you must include those claims
in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
Answer or in a written demand for a jury trial that you must send to the other side and file with the
court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
**"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion
to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If
you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
described in the rules of the Court in which the complaint was filed, available at
www.mass.gov/courts/case-legal-res/rules of court.

A True Copy Attest

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20____      Signature: _____

N.B.   **TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

1-10-19

## COMMONWEALTH OF MASSACHUSETTS

**Suffolk, ss**
                                **SUPERIOR COURT**
                                **CIVIL NO.:** 1884CV03638

|  |  |
|---|---|
| DAVID PELCHAT | : |
|  | : |
|  | :   **COMPLAINT AND** |
|  | :   **DEMAND FOR TRIAL BY JURY** |
|                 Plaintiff, | : |
| v. | : |
|  | : |
|  | : |
| TEREX USA, LLC | : |
| TEREX CORPORATION and, | : |
| J.J. KANE AUCTIONEERS | : |
|           Defendants. | : |

Now comes the Plaintiff, David Pelchat, by way of Amended Complaint against the above captioned Defendants, state as follows:

### PARTIES

1.      Plaintiff, David Pelchat, is a citizen and resident of Commonwealth of Masschusetts, residing at 42 N. Spencer Rd., Spencer, MA 07562.

2.      Defendant, Terex USA, LLC ("Terex"), is a corporation duly organized under the laws of the State of Connecticut, with a registered agent within the Commonwealth of Massachusetts, Suffolk County: Corporation Service Company, 84 State St., Boston, MA 02109.

3.      Defendant Terex Corporation is a corporation duly organized under the laws of the State of Delaware, with a registered agent within the State of Connecticut: Corporation Service Company, 50 Weston St, Hartford, CT 06120

4.      Defendant, J.J. Kane Auctioneers, LLC ("J.J. Kane"), is a corporation organized under the laws of the State of New Jersey, with a registered agent located within the

Commonwealth of Massachusetts, Worcester County: Paul Lebreux, 11 Fortune Blvd.,
Shrewsbury, MA 01545.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the causes of action alleged in this Amended
Complaint pursuant to M.G.L. c. 212 § 4 and c. 223 A § 3 because the Defendants regularly
conduct business within the Commonwealth of Massachusetts and maintain registered agents
within the Commonwealth of Massachusetts.

6.     Venue is proper under M.G.L. c. 223, sections 1 and 5, because Terex has a
registered agent in Suffolk County.  Both Terex and J.J. Kane have sufficient minimum contacts
within Suffolk County and intentionally avails itself of the consumers and markets within Suffolk
County through the promotion, marketing and sale of its products.

## FACTUAL ALLEGATIONS

7.     At all times relevant hereto, Plaintiff was acting in the course and scope of his
employment at A. Arsenault & Sons, Inc., located at 68 Stafford St., Worcester, MA 01609.

8.     On or about November 26, 2015, Plaintiff was using a boom bucket truck equipped
with a Terex "Hi Ranger" articulated boom, with model no. HR37M and serial number
1990809027 (the "boom").

9.     At all times relevant hereto, the boom was designed, manufactured, tested,
inspected, and/or placed into the stream of commerce Terex.

10.     At all times relevant hereto, the boom and bucket truck were owned by Plaintiff's
employer, A. Arsenault & Sons, Inc.

2

11.     A. Arsenault & Sons, Inc. purchased the boom from Defendant, J.J. Kane.

12.     While Plaintiff was elevated in the boom, the hydraulic lower boom lift cylinder on the boom fractured, causing the lift drop and Plaintiff to fall approximately fifteen (15) feet onto the pavement below.

13.     The boom was caused to fail because the rod eye material on the lower boom cylinder of the lift fractured, a condition known to Terex long before this incident.

14.     Prior to Plaintiff's fall, Terex became aware that the rod eye material on the lower boom lift cylinder of the lift of the subject boom was constructed with metal that did not meet Terex' specifications and may fail, suddenly and without warning, during normal and anticipated use of a boom.

15.     In 2009, Terex issued a recall of the make and model of the subject boom due to the propensity of the lower boom cylinder to fracture and fail, a condition caused by the rod eye being constructed with a material that "does not meet specification." (Exhibit "A").

16.     As a result of the aforesaid incident, Plaintiff suffered severe and permanent injuries including but not limited to a grade two (2) lacerated spleen, a fractured rib, a concussion, and a hematoma on his left side.

17.     As a result of the aforesaid incident, Plaintiff has suffered physical and emotional pain, discomfort, frustration, embarrassment, loss of enjoyment of life's pleasures, and an inability to attend to usual and daily activities and will continue to suffer the same for an indefinite time into the future.

18.     As a further result of the aforesaid incident, Plaintiff has required and continues to require medical treatment in and about an effort to cure himself of his injuries and has incurred

medical expenses, to his great detriment and loss, and may continue to require medical treatment for an indefinite time in the future.

19.     As a further result of the aforesaid, Plaintiff suffered from lost wages and may continue to suffer from lost wages into the future as well as a loss of earning capacity.

## CAUSES OF ACTION

## COUNT I – BREACH OF IMPLIED WARRANTY OF MERCHANTIBLITY AND FITNESS FOR PARTICULAR PURPOSE - DESIGN DEFECT

20.     Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint.

21.     Defendants are "merchants" within the meaning of Mass. Gen. Laws 106 § 2-104(1).

22.     The Subject Boom is a "good" within the meaning of Mass. Gen. Laws 106 § 2-105(1).

23.     Terex and J.J. Kane designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted and/or sold the defective boom lift to Plaintiff's employer.

24.     The subject boom that Terex designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted and/or sold was defective in their design, and were defective when it left Terex's control.

25.     At the time the subject boom was sold, it was in the same dangerously defective condition in which it left Terex's possession and/or control.

26.     Defendants knew, or should have known, that the boom lift contained non-obvious dangers in their design.

27.     The foreseeable risks associated with the dangerous design of the subject lift exceeded the benefits associated with their design.

28.     At all times material hereto, Defendants impliedly warranted that the components of the boom lift were of merchantable quality and fit for their intended purpose.

29.     The Subject Lift was unfit for its ordinary and intended use, and it was not of merchantable quality in that it was vulnerable by virtue of its defective design (and not due to any secondary cause) to fail and malfunction in the manner detailed herein. As such, the Subject Lift was not merchantable at the time of purchase in that it was not free from defects and not fit for its intended purpose as warranted.

30.     As a result, Defendants breached its implied warranties to Plaintiff and Plaintiff's employer by manufacturing and selling the Subject Lift with fundamental inherent defects. Additionally, Defendants knowingly allowed these warranties to be made to Plaintiff's employer with the intent of inducing him/her to purchase the Subject Lift even after being on notice of the defects inherent in the rod eye material.

31.     The Subject Lift was defectively designed in one or more of the following ways:

        a.      The Subject Lift was designed without concern for safety and performance;

        b.      The Subject Lift presented an unreasonable risk of harm to users such as Plaintiff;

        c.      The Subject Lift was designed without concern that its component parts endangered users such as Plaintiff;

        d.      Defendants failed to properly test and inspect the Subject Lift during the design stage prior to mass production;

        e.      The Subject Lift was designed without regard to proper material selection;

f.      The Subject Lift was designed without concern for maximum functionality;

g.      The Subject Lift was designed without concern for the composition of the rod eye material;

h.      The Subject Lift was designed without concern for or in compliance with, all local, state and federal codes, regulations, ordinances, standards, recommendations and/or requirements; and

i.      The Subject Lift was defectively designed in other ways, under the circumstances, to be determined.

32.     As a direct, proximate and foreseeable result of the aforesaid negligent, careless, and/or reckless acts and/or omissions of Defendants, acting by and through its agents, servants and/or employees in the course and scope of their employment, Plaintiff suffered severe and permanent injuries including but not limited to a grade two (2) lacerated spleen, a fractured rib, a concussion, and a hematoma on his left side.

33.     As a further result of the aforesaid incident, Plaintiff has suffered physical and emotional pain, discomfort, frustration, embarrassment, loss of enjoyment of life's pleasures, and an inability to attend to usual and daily activities and will continue to suffer the same for an indefinite time into the future.

34.     As a further result of the aforesaid incident, Plaintiff has required and continues to require medical treatment in and about an effort to cure himself of his injuries and has incurred medical expenses, to his great detriment and loss, and may continue to require medical treatment for an indefinite time in the future.

35.     As a further result of the aforesaid, Plaintiff suffered from lost wages and may continue to suffer from lost wages into the future as well as a loss of earning capacity.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendants for compensatory damages, interest, costs and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT II – BREACH OF IMPLIED WARRANTY OF MERCHANTIBLITY AND FITNESS FOR PARTICULAR PURPOSE - MANUFACTURING DEFECT

36.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Amended Complaint.

37.    Defendants are "merchants" within the meaning of Mass. Gen. Laws 106 § 2-104(1).

38.    The Subject Boom is a "good" within the meaning of Mass. Gen. Laws 106 § 2-105(1).

39.    Terex and J.J. Kane designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted and/or sold the defective boom lift to Plaintiff's employer.

40.    The subject boom that Terex designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted and/or sold was defective in their design, and were defective when it left Terex's control.

41.    At the time the subject boom was sold, it was in the same dangerously defective condition in which it left Terex's possession and/or control.

42.    Defendants knew, or should have known, that the boom lift contained non-obvious dangers in their design.

43.    The foreseeable risks associated with the dangerous design of the subject lift exceeded the benefits associated with their design.

44.     At all times material hereto, Defendants impliedly warranted that the components of the boom lift were of merchantable quality and fit for their intended purpose.

45.     The Subject Lift was unfit for its ordinary and intended use, and it was not of merchantable quality in that it was vulnerable by virtue of its defective design (and not due to any secondary cause) to fail and malfunction in the manner detailed herein. As such, the Subject Lift was not merchantable at the time of purchase in that it was not free from defects and not fit for its intended purpose as warranted.

46.     As a result, Defendants breached its implied warranties to Plaintiff and Plaintiff's employer by manufacturing and selling the Subject Lift with fundamental inherent defects. Additionally, Defendants knowingly allowed these warranties to be made to Plaintiff's employer with the intent of inducing him/her to purchase the Subject Lift even after being on notice of the defects inherent in the rod eye material.

47.     The Subject Lift was defectively designed in one or more of the following ways:

j.     The Subject Lift was designed without concern for safety and performance;

k.     The Subject Lift presented an unreasonable risk of harm to users such as Plaintiff;

l.     The Subject Lift was designed without concern that its component parts endangered users such as Plaintiff;

m.     Defendants failed to properly test and inspect the Subject Lift during the design stage prior to mass production;

n.     The Subject Lift was designed without regard to proper material selection;

o.     The Subject Lift was designed without concern for maximum functionality;

p.      The Subject Lift was designed without concern for the composition of the rod eye material;

q.      The Subject Lift was designed without concern for or in compliance with, all local, state and federal codes, regulations, ordinances, standards, recommendations and/or requirements; and

r.      The Subject Lift was defectively designed in other ways, under the circumstances, to be determined.

48.     As a direct, proximate and foreseeable result of the aforesaid negligent, careless, and/or reckless acts and/or omissions of Defendants, acting by and through its agents, servants and/or employees in the course and scope of their employment, Plaintiff suffered severe and permanent injuries including but not limited to a grade two (2) lacerated spleen, a fractured rib, a concussion, and a hematoma on his left side.

49.     As a further result of the aforesaid incident, Plaintiff has suffered physical and emotional pain, discomfort, frustration, embarrassment, loss of enjoyment of life's pleasures, and an inability to attend to usual and daily activities and will continue to suffer the same for an indefinite time into the future.

50.     As a further result of the aforesaid incident, Plaintiff has required and continues to require medical treatment in and about an effort to cure himself of his injuries and has incurred medical expenses, to his great detriment and loss, and may continue to require medical treatment for an indefinite time in the future.

51.     As a further result of the aforesaid, Plaintiff suffered from lost wages and may continue to suffer from lost wages into the future as well as a loss of earning capacity.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendants for compensatory damages, interest, costs and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT III – NEGLIGENCE - NEGLIGENT DESIGN

52.     Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Amended Complaint.

53.     Defendants designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted and/or sold the Subject Lift.

54.     At the time the Subject Lift was sold to Plaintiff's employer, it was in the same dangerously defective condition in which it left Terex's possession and/or control.

55.     Plaintiff's employer was a member of the class of persons that Terex should reasonably have foreseen as being subject to the harms caused by the Subject Lift's defective condition.

56.     At all times relevant hereto, the Subject Lift was used in a reasonably foreseeable manner, and in the manner for which the Subject Lift was intended to be used at the time the Subject Lift was manufactured and sold by the Defendants.

57.     At all times relevant hereto, the Subject Lift was being used in accordance with the instructions provided.

58.     Defendants had a duty to persons such as Plaintiff to exercise due care in designing, engineering, manufacturing, distributing, selling, marketing, testing, and warning concerning the Subject Lift.

59.     Terex was negligent in that it failed to use reasonable care when it designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted and/or sold the Subject Lift.

10

60.     The foreseeable risks associated with the dangerous design of the Subject Lift exceeded the benefits associated with the design of the Subject Lift.

61.     As the manufacturer and/or seller of a consumer product, Defendants owed a duty to persons such as Plaintiff to a safe product and a duty to provide a product that would perform as intended and expected. Defendants owed a duty to disclose the defects that it knew, or should have known, existed, yet failed to do so to the detriment of the Plaintiff.

62.     Defendants breached these duties in one or more of the following ways:

   a.   The Subject Lift was designed without concern for safety and performance;

   b.   The Subject Lift presented an unreasonable risk of harm to users such as Plaintiff;

   c.   The Subject Lift was designed without concern that its component parts endangered users such as Plaintiff;

   d.   Defendants failed to properly test and inspect the Subject Lift during the design stage prior to mass production;

   e.   The Subject Lift was designed without regard to proper material selection;

   f.   The Subject Lift was designed without concern for maximum functionality;

   g.   The Subject Lift was designed without concern for the composition of the rod eye material;

   h.   The Subject Lift was designed without concern for or in compliance with, all local, state and federal codes, regulations, ordinances, standards, recommendations and/or requirements; and

   i.   The Subject Lift was defectively designed in other ways, under the circumstances, to be determined.

63.     As a direct, proximate and foreseeable result of the aforesaid negligent, careless, and/or reckless acts and/or omissions of Defendants, acting by and through its agents, servants and/or employees in the course and scope of their employment, Plaintiff suffered severe and permanent injuries including but not limited to a grade two (2) lacerated spleen, a fractured rib, a concussion, and a hematoma on his left side.

64.     As a further result of the aforesaid incident, Plaintiff has suffered physical and emotional pain, discomfort, frustration, embarrassment, loss of enjoyment of life's pleasures, and an inability to attend to usual and daily activities and will continue to suffer the same for an indefinite time into the future.

65.     As a further result of the aforesaid incident, Plaintiff has required and continues to require medical treatment in and about an effort to cure himself of his injuries and has incurred medical expenses, to his great detriment and loss, and may continue to require medical treatment for an indefinite time in the future.

66.     As a further result of the aforesaid, Plaintiff suffered from lost wages and may continue to suffer from lost wages into the future as well as a loss of earning capacity.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendants for compensatory damages, interest, costs and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT IV – NEGLIGENCE - NEGLIGENT MANUFACTURE

67.     Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Amended Complaint.

68.     Defendants designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted and/or sold the Subject Lift.

69.     At the time the Subject Lift was sold to Plaintiff's employer, it was in the same dangerously defective condition in which it left Terex's possession and/or control.

70.     Plaintiff's employer was a member of the class of persons that Terex should reasonably have foreseen as being subject to the harms caused by the Subject Lift's defective condition.

71.     At all times relevant hereto, the Subject Lift was used in a reasonably foreseeable manner, and in the manner for which the Subject Lift was intended to be used at the time the Subject Lift was manufactured and sold by the Defendants.

72.     At all times relevant hereto, the Subject Lift was being used in accordance with the instructions provided.

73.     Defendants had a duty to persons such as Plaintiff to exercise due care in designing, engineering, manufacturing, distributing, selling, marketing, testing, and warning concerning the Subject Lift.

74.     Terex was negligent in that it failed to use reasonable care when it designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted and/or sold the Subject Lift.

75.     The foreseeable risks associated with the dangerous design of the Subject Lift exceeded the benefits associated with the design of the Subject Lift.

76.     As the manufacturer and/or seller of a consumer product, Defendants owed a duty to persons such as Plaintiff to a safe product and a duty to provide a product that would perform as intended and expected. Defendants owed a duty to disclose the defects that it knew, or should have known, existed, yet failed to do so to the detriment of the Plaintiff.

77.     Defendants breached these duties in one or more of the following ways:

a.  The Subject Lift was designed without concern for safety and performance;

b.  The Subject Lift presented an unreasonable risk of harm to users such as Plaintiff;

c.  The Subject Lift was designed without concern that its component parts endangered users such as Plaintiff;

d.  Defendants failed to properly test and inspect the Subject Lift during the design stage prior to mass production;

e.  The Subject Lift was designed without regard to proper material selection;

f.  The Subject Lift was designed without concern for maximum functionality;

g.  The Subject Lift was designed without concern for the composition of the rod eye material;

h.  The Subject Lift was designed without concern for or in compliance with, all local, state and federal codes, regulations, ordinances, standards, recommendations and/or requirements; and

i.  The Subject Lift was defectively designed in other ways, under the circumstances, to be determined.

78.     As a direct, proximate and foreseeable result of the aforesaid negligent, careless, and/or reckless acts and/or omissions of Defendants, acting by and through its agents, servants and/or employees in the course and scope of their employment, Plaintiff suffered severe and permanent injuries including but not limited to a grade two (2) lacerated spleen, a fractured rib, a concussion, and a hematoma on his left side.

79.     As a further result of the aforesaid incident, Plaintiff has suffered physical and emotional pain, discomfort, frustration, embarrassment, loss of enjoyment of life's pleasures, and

14

an inability to attend to usual and daily activities and will continue to suffer the same for an indefinite time into the future.

80.     As a further result of the aforesaid incident, Plaintiff has required and continues to require medical treatment in and about an effort to cure himself of his injuries and has incurred medical expenses, to his great detriment and loss, and may continue to require medical treatment for an indefinite time in the future.

81.     As a further result of the aforesaid, Plaintiff suffered from lost wages and may continue to suffer from lost wages into the future as well as a loss of earning capacity.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendants for compensatory damages, interest, costs and such other and further relief as this Honorable Court deems just and proper under the circumstances.

<strong>JURY DEMAND</strong>

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

By_____
Patrick J. Loftus, III, Esquire
Katherine C. Loftus, Esquire
Loftus & Loftus PC
546 East Broadway
South Boston, MA 02127
pjl@loftusandloftuspc.com
kcl@loftusandloftuspc.com
*Attorney for Plaintiffs*

Of Counsel:

Evan M. Padilla, Esquire
Law Offices of Robert A. Stutman, P.C.
501 Office Center Drive, Suite 300

Ft. Washington, PA  19034
Phone: (215) 283-1177
Fax: (215) 283-1188

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1884CV03638 A | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: David Pelchat vs. Terex USA LLC et al | | Michael Joseph Donovan, Clerk of Court |
| TO: | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                                DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/19/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 03/21/2019 | |
| All motions under MRCP 12, 19, and 20 | 03/21/2019 | 04/22/2019 | 05/20/2019 |
| All motions under MRCP 15 | 03/21/2019 | 04/22/2019 | 05/20/2019 |
| All discovery requests and depositions served and non-expert depositions completed | 09/17/2019 | | |
| All motions under MRCP 56 | 10/17/2019 | 11/18/2019 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/16/2020 |
| Case shall be resolved and judgment shall issue by | | | 11/20/2020 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 11/21/2018 | ASSISTANT CLERK Norman W Huggins | PHONE (617)788-8107 |
|---|---|---|

Date/Time Printed: 11-21-2018 14:09:15

SCV026\ 06/